**William T. LUSCHER, Appellant,**

**v.**

**A. L. (Dick) BARBOUR, Appellee.**

Court of Appeals of Kentucky.

Feb. 26, 1971.

As Modified on Denial of Rehearing
Dec. 17, 1971.

Charles L. Hobson, Frankfort, for appellant.

Marion Rider, Frankfort, for appellee.

CULLEN, Commissioner.

For a consideration of one dollar, William T. Luscher gave to A. L. Barbour a 90-day option to buy Luscher's farm at a price of $250,000. (This was done at the expiration of a previous one-year option, at the same price, given to Barbour which required him to make the farm available for purchase by the City of Frankfort, for a park for a period of one year after exercise of the option.) The option document recited that the farm had theretofore been offered for sale to the City of Frankfort, Kentucky, *at a price fixed by the optionee,* for exclusive use as a public park and that it was agreed that such offer should remain open for 60 days from the date of the option. After the 60-day period had expired (during which the offer to the city had remained open), Barbour formally exercised the option. Luscher refused to perform, however, claiming that the option was intended to be exercisable only for sale of the farm to the city for a park, and not for a purchase by Barbour for his own uses.

Luscher brought action seeking a cancellation of the option on the grounds of fraud and failure of consideration. Barbour counterclaimed for specific performance. Following a trial before the court, upon which the evidence was conflicting, the court made findings of fact against Luscher's contentions on all major factual issues, and entered a judgment which dismissed Luscher's claim and granted Bar-

bour relief of specific performance on his counterclaim. Luscher has appealed from that judgment.

The substance of Luscher's claims is that the agreement between him and Barbour, which the written option document was executed to express, was that the farm was for sale *only* to the city for a park; that the option was executed to enable Barbour to negotiate the sale to the city; and that it never was intended that Barbour could acquire the property for himself. Luscher (who was 79 years of age when the option was exercised) maintains that Barbour wormed himself into Luscher's confidence such as to create a confidential relationship, and then took undue advantage of that relationship by inducing Luscher to enter into a contract the effect of which was misrepresented to Luscher, and which even if not misrepresented was unfair and grossly unconscionable in its terms.

The difficulty with Luscher's case is that on all key issues there was fully probative evidence contrary to his claims. Not only was there the testimony of Barbour and his attorney, but there was the testimony of a completely disinterested witness (Harrod) that Luscher knew that Barbour had the right under the option to buy the farm for himself if the city did not chose to buy it. The evidence was uncontroverted that from the very outset of the arrangement or transaction, when the first option was given, Luscher knew that Barbour intended to make a substantial profit if the sale to the city was made; Barbour offered the farm to the city, during the period of the first option, at a price of $375,000 ($125,000 above the option price), and Luscher not only knew that but actively tried to encourage the city authorities to buy the farm at that price. At the time the second option was executed Luscher knew that Barbour had tried unsuccessfully for a year, to sell the farm to the city at that price. This negatives any thought that Luscher was an innocent lamb being fleeced by Barbour. It is true that Luscher was old, but the evidence does not indicate that

he was senile, easily influenced, inexperienced, or otherwise susceptible to being overreached. As concerns the fairness of the option, while there was testimony of one witness that the farm was worth over $400,000, there also was evidence that a few years previously Luscher had sold a former part of the farm for the same price per acre as was represented by the option price. Even if it were accepted, as argued by Luscher, that there was confidential relationship between Luscher and Barbour, such as to place on Barbour the burden of establishing the fairness of the transaction, we think the evidence for Barbour was sufficient to sustain that burden.

It is difficult to understand Luscher's claim that he was overreached. He maintains that his purposes in executing the option were (1) to obtain for himself, out of the proceeds of the sale, the sum of $250,000, and (2) to secure the establishment of a public park to bear his name. His only complaint is of the failure to accomplish the second purpose. However, the evidence warrants the conclusion that he himself frustrated that purpose by willingly and knowingly entering into an arrangement which permitted Barbour to boost the price of the land so high as to make dim any prospect of a sale to the city. The evidence does not require a conclusion that Luscher was a victim of overreaching.

We view this case as simply one of conflicting evidence on factual issues. Our determination that the trial court's findings are not clearly erroneous disposes of the appeal. The findings which we uphold include one that Barbour was not guilty of "unclean hands." While the deal may have been intended as a device which might induce the city to pay a higher price for the land than it would have been willing to pay on a straight-out offer directly from Luscher to the city, the evidence does not require a finding that the parties were guilty of unconscionable conduct. The findings which we uphold also include one that Luscher did not withdraw the option before it was exercised by Barbour. (It was argued with some merit, that the consideration of only one dollar, for the option, was not a valuable consideration and therefore Luscher could withdraw the option-offer before acceptance by Barbour.) While Luscher testified he made a statement to Barbour that might possibly be construed as a withdrawal, Barbour denied that the statement was made.

The judgment is affirmed.

MILLIKEN, C. J., and STEINFELD, PALMORE, REED and NEIKIRK, JJ., concur.

HILL and OSBORNE, JJ., dissent.